IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v().                                                                                           No. CV 14-0577 JP/CEG
                                                                                           CR 10-0196 JP

GABRIEL JONATHAN THYBERG,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 22) filed on June 23, 2014. The Court will dismiss the § 2255 motion.

    On June 4, 2010, this Court entered judgment (CR Doc. 21) on Defendant's conviction. Defendant did not appeal his conviction, and thus his conviction became final fourteen days later in late June, 2010. *See United States v. Garcia-Roman*, 466 F. App'x 750, 750-51 (10th Cir. 2012) (noting that a conviction becomes final fourteen days after entry of an unappealed judgment). Defendant filed the current motion more than four years later on June 23, 2014. He argues that his sentence was incorrectly enhanced and is thus illegal.

    Defendant's § 2255 motion faces the initial hurdle of the statute's one-year limitations period. *See* § 2255(f). Typically, when the Court raises the time bar to a § 2255 motion *sua sponte*, the defendant is allowed an opportunity to respond. Here, however, Defendant's motion expressly addresses the timeliness issue, based on the provisions of § 2255(f)(3). This subsection allows re-starting the one-year limitations period where, as pertinent here, the Supreme Court has initially and retroactively recognized the right that the defendant asserts under § 2255. *See*

§ 2255(f)(3).

Defendant rests his timeliness argument on the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), which ruled that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. Defendant argues that *Descamps* recognized as a new right his claim that his prior convictions were improperly characterized as crimes of violence. The limitations period for his motion thus accrued, according to Defendant, when the Court decided *Descamps* on June 20, 2013.

Defendant's timeliness argument fails on the first requirement in § 2255(f)(3). This subsection allows restarting of the limitation period only if the Supreme Court's recognition of a right amounts to a "[n]ew *substantive* rule[]," *Schriro v. Summerlin,* 542 U.S. 348, 351 (2004) (italics in original), and the new right is "made retroactively applicable to cases on collateral review," § 2255(f)(3). Defendant asserts that under *Descamps* his enhancement "could not be allowed" and asks the Court to "reverse the enhancement." To the contrary, as stated by the Court of Appeals for the Tenth Circuit, "[t]he *Descamps* opinion simply applied existing doctrine." *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014). The ruling "merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." *Descamps v. United States*, 133 S. Ct. at 2285, *quoted in Montes*, 570 F. App'x at 831. Because *Descamps* did not announce a new substantive rule, the decision does not meet the criteria in § 2255(f)(3), and thus Defendant did not gain additional time to file his § 2255 motion. His claim under § 2255 is subject to the original limitations period that accrued when his conviction became final in 2010. The motion is untimely and will be dismissed.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court

determines *sua sponte* that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 22) is DISMISSED as untimely filed; a certificate of appealability is DENIED;

*James A. Parker*
UNITED STATES DISTRICT JUDGE