IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                           No.    16CV514 JAP/CG
                                          10CR196 JAP

GABRIEL JOHNATHON THYBERG,

     Defendant.

## ORDER DENYING MOTION TO STAY

**THIS MATTER** is before the Court upon the United States' *Opposed Motion for Stay of Proceedings Pending the United States Supreme Court's Decision in* United States v. Beckles, (CV Doc. 8; CR Doc. 37), filed on July 14, 2016; Defendant Gabriel Johnathon Thyberg's *Response in Opposition to the United States' Motion for Stay of Proceedings Pending the Supreme Court's Decision in* Beckles v. United States, (CV Doc. 9; CR Doc. 38), filed on July 25, 2016; and the *United States' Reply to Defendant's Response in Opposition to the United States' Motion for Stay Pending the Supreme Court's Decision in* Beckles v. United States, (CV Doc. 10; CR Doc. 39), filed July 25, 2016.

Defendant's *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* ("Motion to Correct Sentence"), (CV Doc. 1; CR Doc. 30), seeks relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act to be "unconstitutionally vague." Defendant argues that pursuant to the Supreme Court's holding in *Johnson*, and the Tenth Circuit's subsequent retroactive

1

application of the *Johnson* holding to the Sentencing Guidelines in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), Defendant's Motion to Correct Sentence should be granted and Defendant should be resentenced. (CV Doc. 1 at 1, 5).

The United States now moves to stay these proceedings on the grounds that, on June 27, 2016, the Supreme Court granted the petition for writ of certiorari in *Beckles v. United States*, No. 15-8544, to decide the question of whether the Supreme Court's holding in *Johnson* applies to the residual clause of the Sentencing Guidelines, USSG § 4B1.2, and, if so, whether it applies retroactively on collateral review. (CV Doc. 8 at 1). The United States argues that, because *Beckles* will determine whether Defendant may seek relief in these proceedings, this case should be stayed until the Supreme Court issues its decision. (*Id.*). In response, Defendant argues that he would be unfairly prejudiced by a stay of these proceedings, (CV Doc. 9 at 1–5), and that a majority of courts have already held that *Johnson* is a substantive rule that applies retroactively to the Sentencing Guidelines on collateral review and that the Supreme Court is likely to agree, entitling Defendant to relief. (CV Doc. at 5–13).

In deciding whether to stay § 2255 proceedings until the Supreme Court issues its decision in *Beckles*, the Tenth Circuit has considered the circumstances of each case individually. In particular, the Tenth Circuit has based its determination on whether the defendant would be prejudiced by a stay. Indeed, where a defendant has alleged that he would be eligible for release if he were to prevail on the merits of his *Johnson* claim, the Tenth Circuit has denied the government's request for a stay. *See United States v. Evans*, No. 16-1171, ECF No. 01010656542, at *3 (10th Cir. filed July 13, 2016) (unpublished) (opposing government's request for a stay in part based on length of sentence and

prejudice to defendant); *See also* Order, *Evans*, No. 16-1171, ECF No. 01010656542 (10th Cir. filed July 14, 2016) (denying request for stay). Conversely, where the defendant makes no such argument, and his term of imprisonment would still be lengthy if the Court were to rule in his favor on the merits of his *Johnson* claim, the Tenth Circuit has granted the government's request for a stay. *See* Appellant's Motion to Reconsider Order Abating Appeal and Tolling Briefing, *United States v. Rollins*, No. 15-1459, ECF No. 01019651916 (10th Cir. filed July 6, 2016) (unpublished) (opposing government's request for a stay based on the merits of the defendant's claim and policies of judicial efficiency); *See also* Order, *Rollins*, No. 15-1459, ECF No. 01019651916 (10th Cir. filed July 6, 2016) (unpublished) (granting motion to reconsider and abating case until the Supreme Court issues decision in *Beckles* where appellant did not argue a stay would be unfairly prejudicial).

Here, Defendant argues that he will be prejudiced by a stay of these proceedings. (CV Doc. 9 at 1–5; CR Doc. 38 at 1–5). Specifically, Defendant asserts that, if he prevails on his claim, his guideline sentence range would be 77–96 months incarceration. (CV Doc. 9 at 3). Defendant has already been incarcerated for nearly seven years and, as a result, if the Court were to grant him the relief requested, he would potentially be eligible for release. *Id.* On the other hand, if the Court does stay these proceedings, it is possible that the Supreme Court will not decide *Beckles* until June 2017, and Defendant would remain incarcerated until that time. The United States does not dispute or respond to Defendant's calculation of his sentence. (*See* CV Doc. 10; CR Doc. 39). Because the Court agrees that to stay the case would be unfairly prejudicial to Defendant, and in light of the guidance from the Tenth Circuit on this issue, the Court finds that the request for a

stay should be denied.

   **IT IS THEREFORE ORDERED** that the United States' *Opposed Motion for Stay of Proceedings Pending the United States Supreme Court's Decision in* United States v. Beckles, (CV Doc. 8; CR Doc. 37) be **DENIED**.


_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE