**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                      No.    16CV514 JAP/CG
                                                      10CR196 JAP

GABRIEL JOHNATHON THYBERG,

    Defendant-Movant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court upon Movant Gabriel Johnathon Thyberg's *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* (the "Motion"), (CV Doc. 1), filed June 1, 2016; the *United States' Response to Motion to Correct Sentence Pursuant to 28 U.S.C. §2255* (the "Response"), (CV Doc. 12), filed August 3, 2016; and Movant's *Reply to United States' Response to Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docs. 41 & 12)* (the "Reply"), (CV Doc. 13), filed August 16, 2016.[1] United States District Judge James A. Parker referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case. (CV Doc. 4). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Movant's Motion be **DENIED**.

**I.    Procedural History**

On January 25, 2010, pursuant to a plea agreement, Movant Gabriel Johnathon Thyberg pled guilty to possession with intent to distribute 5 grams or more of

---

[1] Documents referenced as "CV Doc. ___" are from case number 16-cv-514-JAP-CG. Documents referenced "CR Doc. ___" are from case number 10-cr-196-JAP.

methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2. (CR Doc. 16 at 2). Based on two prior New Mexico convictions for residential burglary, Movant was found to be a career criminal. (CV Doc. 1 at 2). On June 4, 2010, Movant was sentenced to 151 months imprisonment. (CR Doc. 21 at 2).

On June 23, 2014, Movant filed a *Motion to Vacate under 28 U.S.C. § 2255*, (CR Doc. 22), which was dismissed as untimely on December 31, 2014. (CR Doc. 25). In May 2016, Movant requested the Tenth Circuit authorize the filing of a successive § 2255 motion based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (CV Doc. 1 at 3). The Tenth Circuit granted Movant's request on May 26, 2016. (CV Doc. 1 at 3).

Thereafter, Movant filed the instant Motion on June 1, 2016, arguing that his 151 month sentence should be vacated pursuant to *Johnson*. Movant contends that New Mexico's crime of residential burglary does not qualify as "burglary of a dwelling" pursuant to the Federal Sentencing Guidelines ("Sentencing Guidelines"). (CV Doc 1 at 5-12). Therefore, his crimes could only have been defined as "crimes of violence" under the residual clause of the Sentencing Guidelines, which is unconstitutionally vague based on the *Johnson* decision. (CV Doc. 1 at 12). In response, Respondent maintains that the rule announced in *Johnson* only applies to Sentencing Guidelines cases on direct review, not retroactively on collateral review. (CV Doc. 12 at 3-12). Respondent contends that even if *Johnson* applied to Movant's case, residential burglaries are "crimes of violence" based on the Sentencing Guidelines' enumerated crime of "burglary of a dwelling." (CV Doc. 12 at 12-20).

## II.   Legal Standard

### A. 28 U.S.C. § 2255 Standard

An individual claiming that his sentence "was imposed in violation of the Constitution or laws of the United States" may move a court to vacate, set aside, or correct a sentence by filing a petition under 28 U.S.C. § 2255(a).  To obtain habeas relief under § 2255, the petitioner must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *United States v. Johnson*, 996 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).  A court must hold an evidentiary hearing on a § 2255 petition unless the motions, files, and records conclusively show that the prisoner is not entitled to any relief.  28 U.S.C. § 2255(b).

### B. "Crimes of Violence" Under the Sentencing Guidelines

According to the Sentencing Guidelines, an offender is subject to an increased sentencing range if the offender is classified as a "career offender." A "career offender" has "at least two prior felony convictions of a crime of violence." U.S.S.G. § 4B1.1. At the time of Defendant's conviction, the Sentencing Guidelines defined a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

3

U.S.S.G. § 4B1.2(a) (emphasis added).[2] The emphasized clause is known as the residual clause.

The residual clause of the Sentencing Guidelines is identical to the residual clause in the Armed Career Criminal Act ("ACCA"), which governs the sentencing of individuals with three convictions for violent felonies who are found to be in possession of a firearm. Recently, in the *Johnson* case, the Supreme Court held that the residual clause in the ACCA was unconstitutional. However, the holding in *Johnson* "does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the Act's definition of a violent felony." *In re Gieswein*, 802 F.3d 1143, 1145 n. 2 (10th Cir. 2015).

### III. Analysis

Movant argues that New Mexico's crime of residential burglary does not qualify as the enumerated crime of "burglary of a dwelling" under the Sentencing Guidelines. (CV Doc. 1 at 5). Therefore, Movant states that his conviction was based on the residual clause of the Sentencing Guidelines, which is unconstitutionally vague based on *Johnson*. (CV Doc. 1 at 12). Further, Movant argues that the holding in *Johnson* applies retroactively to Sentencing Guidelines cases, given that *Johnson* announced a new, substantive rule as applied both to the ACCA and the Sentencing Guidelines. (CV Doc. 13 at 3). Respondent argues that Movant is not entitled to any relief because *Johnson* does not apply retroactively to Sentencing Guidelines cases. Respondent maintains that as applied to the Sentencing Guidelines, *Johnson* announced a new procedural rule.

---

[2] The Sentencing Guidelines were recently updated and part (a)(2) changed. The section now reads "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841 (c). U.S.S.G. § 4B1.2(a)(2).

Therefore, Movant's Motion should be denied. (CV Doc. 12 at 4-5). However, if the Court applies *Johnson* to the Sentencing Guidelines, Respondent maintains that Movant's convictions for residential burglary constitute "burglary of a dwelling" pursuant to the Sentencing Guidelines.

Thus, the specific issues that the Court must address are (1) whether residential burglary is an enumerated offense or falls under the residual clause of the Sentencing Guidelines; (2) if residential burglary falls under the residual clause, whether *Johnson* announced a procedural or substantive rule; and (3) whether the *Johnson* rule applies retroactively to the Sentencing Guidelines on collateral review. The Court will start with the question of whether residential burglary falls under the enumerated crime of "burglary of a dwelling."

### A. Method of Analysis

The Sentencing Guidelines lists several different offenses, including "burglary of a dwelling," in defining "crimes of violence." Movant argues that his convictions in New Mexico for residential burglary were not "crimes of violence," because they do not "match" the definition of "burglary of a dwelling" in the Sentencing Guidelines. (Doc. 1 at 6). Respondent contends that Movant's convictions for residential burglary were properly classified as the enumerated "burglary of a dwelling" crime of violence under the Sentencing Guidelines. (Doc. 12 at 14).

"The definition and scope of the enumerated offenses are questions of federal law. The label that a state attaches to a crime under its law does not determine whether it is a Guidelines enumerated offense." *United States v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009) (citing *United States v. Servin-Acosta*, 534 F.3d 1362, 1366 (10th

5

Cir. 2008)). The enumerated offenses are instead defined by their "generic, contemporary meaning." *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990). The Court must look to different sources, including federal and state statutes, the Model Penal Code, dictionaries, and treatises to determine the generic meaning of the enumerated offenses. *Id.* at 1127 (quoting *Taylor*, 495 U.S. at 598).

To determine whether a previous conviction satisfies the generic meaning of an enumerated offense, a court applies the categorical approach. The categorical approach "look[s] only to the fact of conviction and the statutory definition of the prior offense." *United States v. Ramon Silva*. 608 F.3d 663, 665 (10th Cir. 2010) (quoting *Taylor*, 495 U.S. at 602). "If the statutory definition of the prior conviction 'substantially corresponds to generic burglary [of a dwelling],' our inquiry is at an end." *Id.* However, if the statutory definition of the conviction "proscribes a range of conduct that is broader than generic burglary, we then employ a modified-categorical approach." Under the modified categorical approach, a court may "'go beyond the mere fact of conviction' and determine whether'" the written plea agreement included all of the required elements of generic burglary of a dwelling in order to convict Defendant. *Id.*, citing *Shepard v. United States*, 544 U.S. 13, 20 (2005).

### B.  Burglary of a Dwelling and Residential Burglary

The Tenth Circuit defines the enumerated crime of burglary of a dwelling to include any "enclosed space that is used or intended for use as a human habitation." *Rivera-Oros*, 590 F.3d at 1132 (quoting BLACK'S LAW DICTIONARY (9th ed. 2009)). Burglary of a dwelling "is not limited to permanent and immovable structures or buildings." *Id.*

6

Based on this definition of burglary of a dwelling, the Court will turn to the statute at issue to determine whether it corresponds to the generic definition of burglary of a dwelling. *Id.* "A state statute does not need to match the generic definition verbatim. The Guideline[s] enhancement applies so long as the statute 'corresponds in substance to the generic meaning.'" *Id.* at 1133 (quoting *Taylor*, 495 U.S. at 599).

The statutory offense to which Defendant pled guilty, N.M. STAT. ANN. § 30-16-3(A) (West 2016), provides that:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.

New Mexico does not expressly define a "dwelling house." *State v. Ervin*, 1981-NMCA-068, 630 P.2d 765, 766 (N.M. Ct. App. 1981). New Mexico case law cites to the Uniform Criminal Jury Instruction 16.21 to define "dwelling house." *In re Hamilton*, 461 B.R. 878, 886 (Bankr. D.N.M. 2011) (citing NMRA 14-1631). A "dwelling house" is "any structure, any part of which is customarily used as living quarters." *Id.*

### C. Comparing Burglary of a Dwelling and Residential Burglary

After determining the generic definitions of "burglary of a dwelling" and the New Mexico's definition of residential burglary, the Court must now determine whether the New Mexico statute corresponds to the generic definition of "burglary of a dwelling." *Rivera-Oros*, 590 F3d at 1133. In applying the definition of "dwelling" in residential burglary statute, the New Mexico Court of Appeals ("NMCOA") has found that a dwelling

includes structures "used as living quarters." *Lara*, 1978-NMCA-112, 587 P.2d 52, 53. In *Lara*, the NMCOA stated that "burglary of [a] garage was burglary of the dwelling house because the garage was a part of the structure used as living quarters." *Id.* Although there was no direct access to the house from the garage, the Court found that the garage was "a part of the habitation; it was 'directly contiguous to and a functioning part' of the residence." *Id.* (quoting *Burgett v. State*, 314 N.E.2d 799, 804 (Ind. Ct. App. 1974)).

Both "burglary of a dwelling" and residential burglary define "dwellings" as places where individuals live. Therefore, the Court finds that residential burglary corresponds to the generic definition of "dwelling" in the enumerated crime of "burglary of a dwelling." Because the New Mexico crime of residential burglary corresponds to the generic definition of "burglary of a dwelling," the Court does not need to look "beyond the statutory definition" of residential burglary. *Ramon Silva*. 608 F.3d at 665 (quoting *Taylor*, 495 U.S. at 602).

Movant contends that his New Mexico convictions for residential burglary were not crimes of violence. He argues that residential burglary is a broader offense than the offense of "burglary of a dwelling" under the Guidelines, because the New Mexico statute encompasses "a burglary of any part of a dwelling, even if the locus of the burglary had 'no openings to' the occupied structure." (Doc. 1 at 7 (citing *Lara*, 587 at 53)). Movant states that New Mexico's statute is unique because it considers "a structure that is not internally connected to a residence" as part of the residence. (Doc. 13 at 12). The Court finds this argument unavailing.

Both the NMCOA and the Tenth Circuit have addressed this argument. After

8

*Lara*, the NMCOA reaffirmed that a detached and non-contiguous garage did not constitute a part of the dwelling house proper," and was not a dwelling for New Mexico residential burglary. *State v. Ross*, 665 P.2d 310, 313 (N.M. Ct. App. 1983) (citing *Lara*, 587 P. 2d at 53).

The Tenth Circuit held a similarly worded Arizona statute to correspond to the generic definition of "dwelling" under the Sentencing Guidelines. The Arizona burglary statute, defines "residential structure" as "any structure, movable or immovable, permanent or temporary, that is adapted for both human residence and lodging whether occupied or not." *Rivera-Oros*, 590 F.3d at 1133 (quoting Ariz. Rev. Stat. Ann. § 13-1507(A)). The Arizona Court of Appeals ("ACOA") held that "residential structure" included a storage area under the same roof as the main house, but separated by a walkway, to be a residential structure *Id*. (citing *State v. Ekmanis*, 901 P.2d 1210, 1211-13 (Ariz. Ct. App. 1995)). This finding by the ACOA is similar to the garage found to be a dwelling in *Lara*, as both Courts held areas under the same roof as a house to be dwellings. Because the Tenth Circuit held that the Arizona definition of "residential structure" corresponded to the "dwelling" definition under the Sentencing Guidelines, this Court finds that the New Mexico definition of a "dwelling house" also corresponds to the generic definition of "dwelling." Consequently, New Mexico's residential burglary crime meets the generic definition of "burglary of a dwelling" under the Sentencing Guidelines.

To find that the crime of residential burglary does not correspond with the generic definition of "burglary of a dwelling" in the Sentencing Guidelines "requires more than the application of legal imagination to a state statute's language. It requires a realistic

probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Movant may show this with his own case, or "other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id*. Movant has not shown that New Mexico applies its definition of residential burglary in a way that does not correspond with the generic definition of "burglary of a dwelling." Accordingly, the Court finds that Movant was properly sentenced under the Sentencing Guidelines because the crime of residential burglary is an enumerated crime of violence and Movant was not sentenced based on the residual clause.

### IV.   Recommendation

For the reasons discussed above, the Court finds that Movant's crime of residential burglary corresponds to the enumerated crime of violence for "burglary of a dwelling." Movant was not sentenced based on the unconstitutional residual clause.

**IT IS THEREFORE RECOMMENDED** that Movant's *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255*, (CV Doc. 1), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE